IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVON EMILIO, | ) | 4:13CV3088 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, Director, | ) | |
| and FRED BRITTEN, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on its own motion. Under Rule 60(a) of the Federal Rules of Civil Procedure, a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The court may do so on its own motion without prior notice to the parties. *Id.*

  On July 2, 2014, the court dismissed Plaintiff's claims against Defendant L. Antholz because Plaintiff did not show good cause for his failure to serve Antholz with process. (Filing No. 36.) Upon further review of the record, the court finds that insufficient attempts were made to serve Antholz with process.

  Because Plaintiff is proceeding in forma pauperis, he was entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). And pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). So long as the plaintiff has provided the necessary information, the Marshals' failure to effect service is automatically good cause within the meaning of Rule 4(m) for failing to serve process. *Moore*, 123 F.3d at 1085-86; *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007).

Here, Plaintiff provided the name and address for Antholz on the summons form he completed and returned to the court on April 11, 2014. (*See* Filing No. 31.) The Marshal attempted service by certified mail on April 30, 2014. When the mail was returned as "unclaimed," no further attempt at service was made. (*See* Filing No. 32.) The court finds this attempt at service was insufficient where no attempt was made to personally deliver a copy of the summons to Antholz at the address provided by Plaintiff. Accordingly, the court will direct the clerk's office to forward Filing Number 31 to the Marshal, along with copies of Plaintiff's Complaint, and to complete and forward any other necessary forms, including the Marshal's form USM-285.[1]

IT IS THEREFORE ORDERED that, on the court's own motion:

1. The court's previous order dismissing Antholz as a defendant from this action (Filing No. 36) is rescinded.

2. The clerk's office is directed to complete the form USM-285, and any other required forms, and forward it, the Complaint, and Filing Number 31 to the Marshal for service of process on Antholz. The Marshal shall serve the summons and Complaint without payment of costs or fees.

3. The clerk's office shall set a pro se case management deadline using the following text: September 29, 2014: check completion of service.

---

[1] Plaintiff is cautioned that it is *his* responsibility to properly identify Antholz and where he can be served. See *Gustaff v. MT Ultimate Healthcare*, No. 06CV 5496 (SLT)(LB), 2007 WL 2028103, at *3 (E.D.N.Y June 21, 2007); *Gonzalez*, 489 F. Supp. 2d at 184. If Antholz cannot be effectively served with process at the address Plaintiff has provided, the failure will be imputed to him, and his claims may still face dismissal pursuant to Rule 4(m).

4.    The dates set forth in the Order Setting Schedule for Progression of a Case (Filing No. 37) are suspended pending further notice from the court.

DATED this 29th day of July, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.