IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVON EMILIO, | ) | 4:13CV3088 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, Director, | ) | |
| FRED BRITTEN, Warden, and L. | ) | |
| ANTHOLZ, Officer, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Compel Discovery (Filing No. 57) and Defendants' Objection (Filing No. 60) to the motion. Defendants argue Plaintiff's motion should be denied because it was filed two months past the deadline for filing such motions, and also because Plaintiff failed to comply with the requirements set forth in Nebraska Civil Rule 7.1(I). The court agrees.

The progression order entered in this case required the parties to serve all motions to compel by October 29, 2014. (*See* Filing No. 46.) Plaintiff filed his motion to compel on December 29, 2014. In addition, the court's local rules require the moving party to demonstrate that he consulted with the opposing parties and made a sincere attempt to resolve the discovery dispute. This showing must "state the date, time, and place of the communications and the names of all participating persons." NECivR 7.1(I). Plaintiff has made no such showing here. Thus, his motion seeking to compel discovery will be denied, but will be denied without prejudice to reassertion of a motion brought pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.[1]

---

[1]Defendants have moved for summary judgment in this case. (*See* Filing 49.) Federal Rule of Civil Procedure 56(d) provides that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time

IT IS ORDERED that:

1.  Plaintiff's Motion for Discovery (Filing No. 57) is denied without prejudice to reassertion of a motion brought pursuant to Rule 56(d). Because Defendants' summary judgment motion has been pending since November 26, 2014, any such motion must be filed by Plaintiff within 30 days in order to be considered by the court.

2.  Defendants' Objection (Filing No. 60) is sustained.

3.  The clerk's office is directed to set the following case management deadline: February 17, 2015: check for Rule 56(d) motion.

---

to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). Relief under this rule "prevent[s] a party from being unfairly thrown out of court by a premature motion for summary judgment." *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1050 (8th Cir. 2012) (citation omitted). Although the burden on the party seeking discovery or delay is not onerous, such party must accompany a Rule 56(d) motion with an affidavit "set[ting] forth 'specific facts further discovery might uncover,' or what information further discovery might reveal." *Anuforo v. Comm'r of Internal Revenue*, 614 F.3d 799, 808 (8th Cir. 2010) (citation omitted).

DATED this 15th day of January, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.